## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:                                                                                                             Case No. 15-06234 BKT

MARCO A. CRUZ VILLANUEVA                            Chapter 13
RUTH ARCE HERNANDEZ
    Debtor(s)
_____/

### DEBTOR'S OBJECTION TO PROOF OF CLAIM
### FILED BY MIDLAND CREDIT MANAGEMENT, INC

**COMES NOW, DEBTOR**(S), represented by undersigned counsel, and very respectfully alleges and prays as follows:

1. On 11/2/2017, MIDLAND CREDIT MANAGEMENT, INC ("CLAIMANT") filed amended claim 11 as an unsecured claim in the amount of $ 3,379.32 (the "POC"). Debtor herby objects to the POC upon the following grounds:

    a. **11 U.S.C. §502 (a)** read a Claim is not deemed allowed if a party in interest objects.

    b. **11 U.S.C. §502 (b) (1)** read "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition". Except to the extent that; "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

    c. **4 L.P.R.A. § 2056 of (2004)** states: "Public documents--Executed outside Puerto Rico; protocolization:
    "In order for it to be valid as a public instrument, every notarial document executed outside Puerto Rico must be previously protocolized, with the notary being bound to cancel the same fees as if it had been originally executed in Puerto Rico".

2. CLAIMANT, cannot enforce its claim against the Debtor **11USC § 502 (b) (1)**. They appear as purchase creditor, based on an Affidavit of Sale purchase from Synchrony Bank, on 7/21/2015. The supposed purchase agreement, pretends to be validated with an Affidavit of Sale of account by Original Creditor, notarized in the State of Minnesota, on 10/27/2015. The POC as presented is in violation of the Notarial Law of Puerto Rico **4 L.P.R.A. § 2056**.

3. The POC as filed is in violation of 11 USC § 502 (A), 11 USC § 502 (b) (1) and also is in violation of **4 L.P.R.A. § 2056**.

4. Debtor specifically reserves the right to file a Memorandum of Law in support of and in conjunction with this Objection should the same be opposed by CLAIMAINT and scheduled for hearing.

5. Accordingly, the POC is not accompanied by evidence that CLAIMANT has a claim ripe for enforcement or that CLAIMANT has authority or standing to seek enforcement of the claim. Therefore, the POC is facially defective and does not constitute prima facie evidence of the validity and amount of the claim stated therein.

**WHEREFORE,** Debtors object to the POC as filed by CLAIMANT and respectfully requests this Honorable Court that in the event no additional documentation is provided the claim be disallowed in its entirety.

**30 DAY NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST, you are hereby notified that you have thirty (30) days from the date of this notice to file an opposition to the foregoing motion and to request a hearing.  If no objection or other response is filed within the prescribed period of time, the Debtors motion will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If a timely opposition is filed, the court will schedule a hearing as a contested matter.**

RESPECTFULLY SUBMITTED
In San Juan, Puerto Rico this 3th day of November, 2017

**THE BATISTA LAW GROUP, PSC.**
Jesus E. Batista Sanchez, Esq. USDC No. 227014
Counsel for Debtor
Condominio Mid-Town Center
420 Ave. Juan Ponce De León
Suite #901
San Juan, PR. 00918
Telephone: (787) 620-2856
Facsimile: (787) 777-1589 & (787) 620-2856
E-mail: jesus.batista@batistalawgroup.com
/s/ Jesus E. Batista Sanchez, Esq.